O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERESA L. AMARO,<br><br>Plaintiff,<br><br>v.<br><br>OPTION ONE MORTGAGE CORP., QUALITY LOAN SERVICES, CORP., and DOES 1 through 50 inclusive,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. EDCV 08-1498-VAP (AJWx)<br><br>**[Motion filed on October 31, 2008]**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

The Court has received and considered the papers filed in support of, and in opposition to, Defendant Sand Canyon Corporation's Motion to Dismiss. For the following reasons, the Court GRANTS the Motion.

## I. BACKGROUND

### A. Factual Allegations

On December 2, 2005, Plaintiff Teresa L. Amaro ("Plaintiff") obtained an adjustable rate mortgage for $367,920 from Option One Mortgage Corporation ("Option

One"). (Compl. ¶ 7.) Pursuant to the mortgage agreement with Option One, Plaintiff transferred her deed of trust to Option One on December 2, 2005; Option One recorded the deed on December 21, 2005. (Id. at ¶¶ 12, 13.)

Plaintiff alleges Option One did not explain "the workings of the rate, how it is computed nor its inherent volatility." (Id. at ¶ 9.) Furthermore, according to Plaintiff, Option One "charged and obtained improper fees for the placement of h[er] loan as "sub-prime" when [s]he qualified for a prime rate mortgage which would have generated less fees and interest. (Id. at ¶ 10.)

On May 21, 2008, Quality Loan Service filed a substitution of trustee with the San Bernardino County Recorder, thereby naming itself as the trustee of Plaintiff's deed of trust. (Id. at ¶ 16.) Quality Loan Service also sent to Plaintiff a "Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust" ("Notice of Breach") on that day. (Id. at ¶ 17.)

**B. Procedural History**

Plaintiff filed a Complaint against Defendants Option One Mortgage Corp. and Quality Loan Services, Corp., in the California Superior Court, San Bernardino County, with the following claims against both Defendants: (1)

Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1611; (2) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 26 U.S.C. § 2605; (3) Violation of the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602; (4) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (5) Breach of fiduciary duty; (6) Breach of covenant of good faith and fair dealing; (7) Injunctive relief; (8) Injunctive relief; (9) Declaratory relief; (10) Fraud.

Defendant Option One Mortgage Corp., now known as Sand Canyon Corporation, removed the case to this Court on October 24, 2008 on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Defendant Quality Loan Services did not join in the removal; Defendant Quality Loan Services filed a "Declaration of Nonmonetary Status" in the state court proceeding before removal, thereby transforming it, the trustee under the deed of trust, into a nominal third party, no longer required to participate in the action pursuant to California Civil Code § 29241.

Defendant Sand Canyon Corporation ("Defendant") filed a "Motion to Dismiss the Action [Fed. R. Civ. Proc. 12(b)(6)]("Motion") on October 31, 2008 and noticed a hearing on the Motion for December 8, 2008. Defendant

moves the Court to dismiss Plaintiff's first, third, fifth, sixth, and tenth claims. Plaintiff, appearing in this action in pro se, filed Opposition on November 21, 2008. Defendant filed a Reply on December 1, 2008. On December 2, 2008, the Court took the Motion under submission for decision without hearing.

**II. LEGAL STANDARD**

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In addition, the Court must accept all material allegations in the complaint -- as well as any reasonable inferences to be drawn from them -- as true. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." Bell Atlantic, 127 S. Ct. at 1964-65 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

## III. DISCUSSION

Defendant moves the Court to dismiss Plaintiff's first (TILA violation), third (HOEPA violation), fifth (breach of fiduciary duty), sixth (breach of covenant of good faith and fair dealing), and tenth (fraud) claims. Plaintiff opposes the Motion, only arguing the propriety and sufficiency of her first claim, for TILA violations.[1]

[1] The Court could grant Defendant's Motion with respect to claims three, five, six, and ten based only on Plaintiff's failure to oppose. In the interest of justice, however, the Court evaluates each of Plaintiff's claims, even though Plaintiff only opposes Defendant's Motion as to her first claim.

**A. Claim One - TILA Violation**

Plaintiff alleges Defendant violated 15 U.S.C. § 1601 ("TILA") by filing to validate or "make a full accounting and the required disclosures as to the true finance charges and fees," "improperly retained funds belonging to Plaintiff," and failed to "disclose the status of the ownership of the loans. (Compl. at ¶ 23.) Plaintiff seeks rescission of the loan, compensatory damages, attorneys' fees, and punitive damages. (Id. at ¶¶ 24-27.)

Defendant argues Plaintiff's claim for compensatory damages is barred by the applicable statute of limitations period of one-year. 15 U.S.C. § 1640(e). Plaintiff executed the loan documents on December 2, 2005; Plaintiff did not file this action until September 17, 2008. Based on the face of the Complaint, the claim is barred.

Plaintiff argues the doctrine of recoupment allows her to raise the claim, despite bringing it beyond the statute of limitations period. (See Opp'n at 8.) According to Plaintiff, "a party may assert recoupment as a defense after a statute of limitations period has lapsed." (Id.) Plaintiff argues she may use this defense affirmatively in this case because she brings it

in response to Defendant's non-judicial foreclosure proceeding. (Id.)

Plaintiff's contention lacks merit. A party may bring a claim for recoupment after TILA's one-year statute of limitations period has expired, but only as a defense in an action to collect a debt. 15 U.S.C. § 1640(a). Here, Plaintiff's affirmative use of the claim is improper and exceeds the scope of the TILA exception, permitting recoupment as a defensive claim only. See id.; Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415-16 (1998). Accordingly, the Court grants Defendant's Motion with respect to Plaintiff's first claim, without leave to amend.

**B. Claim Three - HOEPA Violation**

Plaintiff alleges Defendant violated 15 U.S.C. § 1602 ("HOEPA") because her loan "was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default." (Compl. at ¶ 37.) As Defendant argues, HOEPA's protections apply only to certain mortgages. See 15 U.S.C. § 1602(aa). Plaintiff fails to allege her loan qualified for HOEPA's additional protections. Without alleging this factual basis for her claim, Plaintiff fails to state a claim for which relief can be granted. Accordingly, the Court grants Defendant's Motion with

respect to Plaintiff's third claim, with leave to amend.

**C. Claim Five - Breach of Fiduciary Duty**

Plaintiff alleges Defendant breached its fiduciary duty, arising out of Defendant's "position of trust by virtue of [its] expertise," to her by providing her a loan "without due care to the best interest of Plaintiff or for the protection of h[er] rights." (Compl. at ¶¶ 47, 49.) In its Motion, Defendant argues no fiduciary duty exists between itself and Plaintiff. (See Mot. at 4-5.)

Typically, there is no fiduciary duty between a mortgage lender and a debtor. See Downey v. Humphreys, 102 Cal. App. 2d 323, 332 (1951) ("A debt is not a trust and there is not a fiduciary relationship between debtor and creditor as such"); Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) (applying same principle "to relationship between a bank and its loan customers"). Plaintiff has not alleged any special relationship that could override this principle. Connor v. Great Western Sav. & Loan Assoc., 69 Cal.2d 850, 864 (1968); Wolf v. Superior Court, 107 Cal. App. 4th 25, 29 (2003). Plaintiff does not state a claim for which relief can be granted because no fiduciary relationship exists here. Accordingly, the Court grants Defendant's Motion with

respect to Plaintiff's fifth claim, without leave to amend.

**D. Claim Six - Breach of Covenant of Good Faith and Fair Dealing**

Plaintiff alleges Defendant breached the covenant of good faith and fair dealing by "the commencement of foreclosure proceedings upon the property lawfully belonging to Plaintiff without the production of documents demonstrating the lawful rights for the foreclosure." (Compl. at ¶ 54.) Defendant argues this claim does little more than restate Plaintiff's claim for breach of fiduciary duty and that the claim should fail because Defendant does not owe Plaintiff a duty of utmost care.

The implied covenant of good faith and fair dealing arises between the parties to a contract. See Price, 213 Cal. App. 3d at 478; Rest. 2d Contracts § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). Although Defendant, as a party to the mortgage contract, is bound by the covenant, the covenant does not "impose any affirmative duty of moderation in the enforcement of legal rights." Price, 213 Cal. App. 3d at 479. Plaintiff's claim alleges that Defendant lacked documentation to support the foreclosure; this does not

state a claim for a breach of the covenant. See Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906, at *4 (S.D. Cal., Oct. 30, 2008). Accordingly, the Court grants Defendant's Motion with respect to Plaintiff's sixth claim, with leave to amend.

**E. Claim Ten - Fraud**

Plaintiff's tenth claim alleges Defendant's representations in the Notice of Default, sent to Plaintiff, contained two false representations: (1) "Documents were not provided to the trustee that showed that Option One was the [b]eneficiary and entitled to the payments;" and (2) "At the time Quality made the representations they [k]new they were false and were made for the sole purpose of inducing reliance." (Compl. at ¶ 89.) Plaintiff alleges she relied on those false statements to her detriment and has been damaged "in having [her] home wrongfully placed in foreclosure and a slander of [her] title, and being required to become involved in this litigation." (Id. at ¶ 90.) Defendant argues Plaintiff's claim for fraud has not been plead with particularity.

Fraud must be plead with particularity. See Fed. R. Civ. Proc. 9(b). Even if a complaint does not assert explicitly a claim for fraud and even if none of the claims in a complaint "sound in fraud," *any* allegations

of fraudulent conduct in a complaint must be plead with particularity. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102-05 (9th Cir. 2003).

To satisfy the requirements of Rule 9(b), "[a] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Id. at 1106 (quoting Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)). Here, Plaintiff includes the statements she relied upon, but fails to demonstrate what is misleading about them or why they are false. Accordingly, Plaintiff's averments of fraud do not satisfy the requirements of Rule 9(b). The Court grants Defendant's Motion with respect to Plaintiff's tenth claim, with leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's claims one, three, five, six and ten. Plaintiff must file any amended Complaint by January 26, 2009.

Dated: January 14, 2009

VIRGINIA A. PHILLIPS
United States District Judge